**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEOVANI ALBERTO SICILIANO
SAGRARIO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72782

Agency No. A094-830-958

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Geovani Alberto Siciliano Sagrario, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Siciliano Sagrario failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  We reject Siciliano Sagrario's contention that the agency failed to consider evidence because he has not overcome the presumption that the agency reviewed the record.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

In denying Siciliano Sagrario's withholding of removal claim, the agency found Siciliano Sagrario failed to establish past persecution or a fear of future persecution on account of a protected ground.  When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we

remand Siciliano Sagrario's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Siciliano Sagrario's remaining challenges to the agency's denial of his withholding of removal claim at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part. REMANDED.**